IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of BUDGET ELECTRICAL CONTRACTORS, INC., d.b.a. BEC, INC., and Califonira Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC RIM SERVICES, INC., a California Corporation; and HIGHLANDS INSURANCE COMPANY, a Texas Corporation,<br><br>　　　　　　Defendants. | CIV- F-03-6585 AWI DLB<br><br>ORDER CLOSING CASE IN LIGHT OF STIPULATION OF DISMISSAL WITH PREJUDICE<br><br><br>(Document #25) |

　　　　On April 20, 2006, the parties filed a stipulation for dismissal of this case with prejudice. Although not expressly stated, this stipulation appears to be made pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The notice is signed by the parties who have appeared in this case.

　　　　Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an

answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. .

Because a stipulation for dismissal of this case with prejudice has been filed and signed by all parties who have made an appearance, as required by Rule 41(a)(1)(ii), this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Based on the parties' stipulation, IT IS HEREBY ORDERED that:

1. This action is DISMISSED with prejudice;
2. The terms of the Settlement Agreement and Release are hereby incorporated into the stipulation and this order, and the court shall retain jurisdiction to enforce the Settlement Agreement and Release;
3. Each party shall bear its own costs, attorneys' fees, and other fees incurred in connection with this action; and
4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   May 9, 2006**             /s/ Anthony W. Ishii
0m8i78                    UNITED STATES DISTRICT JUDGE

2